IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| CRUM AND FORSTER SPECIALTY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No.: ) Honorable ) |
| ST MARYS PETROLEUM INC. and BETTY PRYOR, | ) ) ) |
| Defendants. | ) ) ) ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, Crum and Forster Specialty Insurance Company ("CFSIC"), by and through its undersigned counsel, as and for its Complaint for Declaratory Judgment against Defendants St Marys Petroleum Inc. ("St Marys") and Betty Pryor, states as follows:

**NATURE OF THE ACTION**

1. In this action, CFSIC seeks a determination of its rights and obligations under an insurance policy issued to St Marys in connection with an Underlying Action (defined herein) filed by Betty Pryor, which asserts certain claims against St Marys.

2. The Underlying Action (defined herein) is pending in the Circuit Court of Cook County, Illinois.

3. CFSIC issued a Commercial General Liability Policy ("Policy") to St Marys as described more fully below.

4. Defendant St Marys tendered claims asserted against it in the Underlying Action to CFSIC for a defense and indemnity under the Policy.

5. The scope of coverage available to St Marys in connection with the claims asserted against it in the Underlying Action is governed by the terms, conditions, and exclusions of the Policy.

**JURISDICTION AND VENUE**

6. Jurisdiction in this matter is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1).

7. Plaintiff CFSIC is a corporation organized under the laws of Delaware. It has a main administrative office in Morristown, New Jersey, and its statutory home office is in Delaware. At all relevant times, Plaintiff CFSIC was eligible to conduct business in the State of Illinois.

8. Defendant St Marys is a corporation organized under the laws of Indiana with its principal place of business in Des Plaines, Illinois.

9. Defendant Betty Pryor is a resident of Cook County, Illinois and a citizen of the State of Illinois. Plaintiff CFSIC does not assert any claim against Defendant Betty Pryor in the Complaint and she has been named as a defendant in this action solely as a necessary and indispensable party.

10. Diversity jurisdiction exists because: (a) there is complete diversity of citizenship between Plaintiff CFSIC on the one hand, and Defendants St Marys and Ms. Pryor on the other hand; and (b) the amount in controversy, including the potential costs of defending and indemnify TSI with regard to the Underlying Action exceeds $75,000.

11. Venue is appropriate under 28 U.S.C. § 1391(b)(2), as substantial part of the events or omissions giving rise to the Underlying Action occurred in this District, and the Policy was issued and delivered in this District.

12. An actual justiciable controversy exists between CFSIC on the one hand and St Marys and Ms. Pryor on the other hand, and by the terms and provisions of Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202, this Court is invested with the power to declare the rights and liability of the parties hereto and to grant such relief as it deems necessary and proper.

**UNDERLYING COMPLAINT**

13. On November 29, 2021, Betty Pryor ("Ms. Pryor") filed a third-amended complaint in a lawsuit styled *Betty Pryor v. St Marys Petroleum, et al.*, Case No. 2021-L-002967, in the Circuit Court of Cook County, Illinois (the "Underlying Action").

14. The third amended complaint (the "Complaint") in the Underlying Action generally alleges that, on or about December 5, 2019, Ms. Pryor suffered injuries after she tripped and fell over a box at a Clark Gas Station located at 1952 West Garfield Boulevard, Chicago, Illinois (the "Gas Station"). A true and correct copy of the Complaint is attached hereto as **Exhibit A**, ¶ 1.

15. The Complaint alleges that St Marys owned, operated, managed, maintained, occupied, and/or controlled the Gas Station. Ex. A, ¶ 4.

16. The Complaint asserts two counts against St Marys.

17. Count I of the Underlying Complaint, entitled "Negligence Against St Marys Petroleum," alleges that, on or about December 5, 2019, the Gas Station was open to members of the public, including Ms. Pryor. Ex. A, ¶ 14.

18. Count I of the Underlying Complaint further alleges that a condition existed at the Gas Station wherein cut and open boxes were left on the floor between the aisles in an area accessible to the public, including Ms. Pryor. Ex. A, ¶ 16.

19. Count I further alleges that no warning signs or other devices were provided about the dangerous condition. Ex. A, ¶ 19.

20. Count I of the Underlying Complaint alleges that, on or about December 5, 2019, Ms. Pryor was shopping in the Gas Station when she tripped and fell on a cut box that was left on the floor between the shop aisles. Ex. A, ¶ 22.

21. Count I of the Underlying Complaint further alleges that St Marys was guilty of one or more of the following careless and negligent acts or omissions:

\* \* \*

b. Negligently and carelessly created, or caused to exist a cut box on the floor between the aisles of the Gas Station shop that created a dangerous condition on the premises of the Gas Station;

c. Negligently and carelessly failed to properly inspect the premises of the Gas Station, especially the place where the fall occurred, for cut boxes and other fall hazards;

d. Negligently and carelessly failed to remove the cut box from the floor which created dangerous and unsafe condition on the premises of the Gas Station;

e. Negligently and carelessly failed to warn customers of a cut box and/or other fall hazards that existed on the premises of the Gas Station;

f. Negligently and carelessly failed to block or barricade or otherwise prevent the Plaintiff from coming into contact with the cut box which was on the floor between the aisles in the Gas Station shop;

g. Negligently and carelessly failed to train it employees or agents regarding discovering and removing cut boxes and other fall hazards from the premises of the Gas Station;

h. Negligently and carelessly failed to have an on-going employee/agent educational program of surveillance regarding a cut box and other hazardous fall conditions on the Gas Station premises;

i. Negligently and carelessly failed to provide a reasonably safe ground on the Gas Station; or

j. Was otherwise careless or negligent.

Ex. A, ¶ 24.

22. Count I of the Underlying Complaint further alleges that, as a direct and proximate result of one or more of the above-referenced careless and negligent acts or omissions, Ms. Pryor was seriously and permanently injured and will continue to suffer damages of a personal and pecuniary. Ex. A, ¶ 25.

23. Count II of the Underlying Complaint, entitled "Statutory Premises Liability Against St Marys Petroleum," alleges that, pursuant to the Premises Liability Act, owners and occupiers of a premises owe a duty of reasonable care to invitees and licensees. Ex. A, ¶ 27.

24. Count II of the Underlying Complaint further alleges that St Marys was the owner/occupier of the Gas Station and owed a duty to the persons lawfully present on the premises of the Gas Station, including Ms. Pryor, to exercise reasonable care and caution to own, operate and/or control the Gas Station premises in a reasonably safe condition. Ex. A, ¶ 28.

25. Count II of the Underlying Complaint further alleges that St Marys committed the same negligent acts or omissions that are alleged in Count I of the Underlying Complaint. Ex. A, ¶ 29.

26. Count II of the Underlying Complaint further alleges that, as a direct and proximate result of one or more of the above-referenced careless and negligent acts or omissions, Ms. Pryor was seriously and permanently injured and will continue to suffer damages of a personal and pecuniary. Ex. A, ¶ 30.

## POLICY

27. Crum & Forster Specialty Insurance Company issued Environment Package Policy No. EPK-126142 (the "Policy"), effective March 1, 2019 to June 4, 2019, to named insured St. Mary's Petroleum Inc. A true and correct copy of the Policy is attached hereto as **Exhibit B**.

28. The Policy provides Commercial General Liability and Contractors Pollution Liability coverages.

29. Since there are no allegations in the Underlying Complaint that St Marys is obligated to pay "cleanup costs" or that a "pollution condition" exists, the Contractors Pollution Liability coverage part of the Policy does not apply to the claims asserted against St Marys in the Underlying Action.

30. The Policy provides Commercial General Liability ("CGL") coverage with a $1 million Each Occurrence Limit and $2 million General Aggregate Limit, subject to a $5,000 per occurrence deductible. Ex. B, CFSIC0002; CFSIC0009

31. Section I – Insuring Agreement of the CGL Coverage Part of the Policy provides, in pertinent part, as follows:

**SECTION I - INSURING AGREEMENTS**

**1. Insuring Agreement A - Bodily Injury And Property Damage**

    **a.** We will pay, in excess of the Deductible shown in the Declarations, those sums that the insured becomes legally obligated to pay as "damages" for "bodily injury" or "property damage" to which this insurance applies. We may, at our discretion, investigate any "occurrence" and settle any "claim" or "suit" that may result. But the amount we will pay for "damages" is limited as described in Section IV - Limits Of Insurance And Deductible within the Common Provisions.

    No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Section **I** - Defense or Section **II** - Defense Expenses within the Common Provisions.

    **b.** This insurance applies to "bodily injury" and "property damage" only if all of the following conditions are met:

        **(1)** Before the "policy period", no insured had knowledge of any "occurrence" that could reasonably give rise to a "claim" under this Policy;

        **(2)** Neither the "claim" for that "bodily injury" or "property damage", nor the "occurrence" resulting in that "bodily injury" or "property damage" were reported under any policy in effect before the "policy period" or disclosed in the application for this Policy;

        **(3)** No fact, incident or circumstance involving an "occurrence" or offense that reasonably would have resulted in a "claim" for that "bodily injury" or "property damage" was reported under any policy in effect before the "policy period" or disclosed in the application for this Policy;

        **(4)** That "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

> **(5)** That "bodily injury" or "property damage" first occurs during the "policy period"; and
>
> **(6)** A "claim" for "damages" for that "bodily injury" or "property damage" is made against any insured and reported to us in accordance with the provisions set forth in Section **VI** Common Conditions, **5.** Duties In The Event Of A Claim Or Suit within the Common Provisions.

Ex. B, CFSIC0043-44.

32. The Policy contains Common Provisions which apply to the CGL coverage part. Section VI-Common Conditions of the Common Provisions of the Policy includes, in pertinent part, the following Cancellation and Nonrenewal provision:

\* \* \*

> **2. Cancellation And Nonrenewal**
>
> The following provisions regarding cancellation and nonrenewal apply except to the extent that they, or any of them, are inconsistent with state laws or regulations applicable to surplus lines insurers, in which event, they will be deemed amended to be in conformity with such laws or regulations. This Policy may be cancelled by the First Named Insured by surrender thereof to us or by mailing to us written notice stating when thereafter the cancellation shall be effective. We may cancel or decide not to renew this Policy by mailing a written notice to the First Named Insured at the address shown in the Declarations of this Policy. The mailing of notice of cancellation shall be sufficient notice, and the effective date of cancellation stated in such notice shall be deemed to constitute the end of the "policy period". The effective dates of such cancellation shall be not less than thirty (30) days (ten (10) days for non-payment of premium) following mailing of the notice of cancellation to the First Named Insured.
>
> Hand delivery of such written notice either by the First Named Insured or by us (or by either's designee) shall be equivalent to mailing. If this Policy is issued to comply with any law or regulation that requires notice of cancellation or nonrenewal to any governmental body, cancellation or nonrenewal shall not be effective until the required notice has been provided by you or us.

Ex. B, CFSIC0025-26.

\* \* \*

33. Section VII – Common Definitions of the Common Provisions of the Policy provides, in relevant part, as follows:

\* \* \*

4. "Bodily injury" means physical injury, sickness or disease, sustained by a person, including mental anguish and death resulting from any of these at any time.

\* \* \*

28. "Policy period" means the period shown in the Declarations, unless cancelled, in which event, the "policy period" ends on the date that such cancellation is effective.

\* \* \*

Ex. B, CFSIC0032; CFSIC0038.

## CANCELLATION OF THE POLICY

34. Due to a failure in negotiations between CFSIC and St Marys, CFSIC added a Cancellation Endorsement to the Policy indicating the Policy was canceled with an effective date of June 4, 2019. A true and correct copy of the Cancellation Endorsement is attached hereto as **Exhibit C**.

35. St Marys was provided with notice of the cancellation of the Policy in a June 17, 2019 email. A true and correct copy of the June 17, 2019 email is attached hereto as **Exhibit D**.

## THIS DISPUTE

36. St Marys has sought a defense and indemnity from CFSIC under the Policy in connection with the claims asserted against it in the Underlying Action.

37. CFSIC has determined through its coverage investigation that it owes no obligation to defend or indemnify St Marys in connection with the claims asserted against it in the Underlying Action.

38. CFSIC has advised St Marys in writing that it disclaims any obligation under the Policy to provide a defense and/or indemnity to St Marys in connection with the claims asserted against it in the Underlying Action.

39. CFSIC now brings this action to obtain a judicial declaration that it owes no duties under the Policy to defend or indemnify St Marys in connection with the claims asserted against it in the Underlying Action.

## COUNT I
## No Duty to Defend or Indemnify St Marys

40. CFSIC incorporates by reference herein paragraphs 1 through 39 as if the same were fully set forth at length.

41. The Insuring Agreement of the CGL Coverage Part of the Policy provides that CFSIC will pay "those sums that the insured becomes legally obligated to pay as 'damages' for 'bodily injury' . . . to which this insurance applies." Ex. B, CFSIC0043.

42. The Policy defines "bodily injury" to mean "physical injury, sickness or disease sustained by a person, including mental anguish and death resulting from any of these at any time." Ex. B, CFSIC0032.

43. The Insuring Agreement of the CGL Coverage Part further provides that the insurance only applies if the "'bodily injury' or 'property damage' first occurs during the 'policy period.' . . . ." Ex. B, CFSIC0043.

44. The Policy defines "policy period" to mean the "period shown in the Declarations, unless cancelled, in which event, the 'policy period' ends on the date that such cancellation is effective." Ex. B, CFSIC0038.

45. The Complaint alleges that Ms. Pryor sustained injuries when she tripped and fell in the Gas Station due to a cut box that was left on the floor between the shop aisles. Ex. A, ¶ 1.

46. As a result, the Complaint alleges that Ms. Pryor sustained "bodily injury" as defined under the Policy.

47. However, the allegations of the Complaint do not satisfy the requirements of the Insuring Agreement of the CGL Coverage Part of the Policy.

48. The Complaint alleges that Ms. Pryor suffered her injuries as a result of an incident which occurred on or about December 5, 2019. Ex. B, ¶ 14.

49. Due to a failure in negotiations between CFSIC and St Marys, the Policy was cancelled effective June 4, 2019. Exs. C & D.

50. Based on the June 4, 2019 cancellation of the Policy, the Complaint alleges that Ms. Pryor sustained "bodily injury" that occurred outside of the March 1, 2019 to June 4, 2019 "policy period" of the Policy.

51. As a result, the Complaint does not allege that Ms. Pryor suffered bodily injury" as defined in the Policy which first occurred during the "policy period" of the Policy and, therefore, the claims asserted against St Marys in the Underlying Action do not satisfy the requirements of the Insuring Agreement of the CGL Coverage Part of the Policy.

52. Accordingly, CFSIC disclaims any obligation under the Policy to defend or indemnify St Marys in connection with the claims asserted against it in the Underlying Action.

## **PRAYER FOR RELIEF**

Plaintiff Crum and Forster Specialty Insurance Company hereby respectfully request the entry of an order and judgment in its favor and against Defendants St Marys Petroleum Inc. and Betty Pryor, declaring as follows:

a. This court has jurisdiction over the parties and subject matter of this litigation;

b. The Policy does not provide coverage to Defendant St Marys for the claims asserted against it in the Complaint filed in the Underlying Action;

c. CFSIC does not owe a duty under the Policy to defend or reimburse defense costs incurred by Defendant St Marys in connection with the claims asserted against it in the Complaint filed in the Underlying Action;

d. CFISC does not owe a duty under the Policy to indemnify Defendant St Marys in connection with the claims asserted against it in the Complaint filed in the Underlying Action;

  e. CFSIC is entitled to an award of its costs; and

  f. Such other relief as this Court deems jut and appropriate.

Dated: August 15, 2022

            Respectfully Submitted,

      By: */s/ James J. Hickey*
         James J. Hickey, Atty. No. 6198334
         Colin B. Willmott, Atty. No. 6317451
         James.Hickey@kennedyslaw.com
         Colin.Willmott@kennedyslaw.com
         KENNEDYS CMK
         100 North Riverside Plaza, Suite 2100
         Chicago, IL 60606
         Phone: (312) 800-5029
         Fax: (312) 207-2110

         *Attorneys for Crum and Forster Specialty Insurance Company*